UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSE WHITE,

                Plaintiff,

    v.

K.C. WITT, et al.,

                Defendants.

CASE NO. C05-0695JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion for summary judgment by the City of Tukwila Defendants (the "Tukwila Defendants") (Dkt. # 9). Plaintiff Jesse White has not opposed the Tukwila Defendants' motion.[1] The court finds this matter appropriate for resolution without oral argument. For the reasons stated below, the court GRANTS the Tukwila Defendants' motion.

---

[1] It is unclear why Mr. White's counsel, Lawrence A. Hildes, failed to oppose this motion. Perhaps Mr. White is no longer concerned that the City of Tukwila be included in this lawsuit; alternatively, Mr. Hildes may have neglected to file an opposition for some other reason. In either event, the court reminds Mr. Hildes that his client's interests are best served when he shows an interest in court proceedings. If Mr. Hildes does not oppose the relief requested in a motion before the court, the court expects him to file a short statement to that effect.

ORDER – 1

## II. BACKGROUND

On May 19, 2004, Mr. White was driving on International Avenue South to the Silver Dollar Casino. A Washington State Patrol ("WSP") vehicle pulled into the parking lot behind him with its lights flashing. After an exchange, trooper K.C. Witt issued Mr. White a ticket. Mr. White then left his vehicle to go to the casino.

The trooper then allegedly violently assaulted Mr. White, handcuffed him tightly, placed him in the back of the patrol car, and slammed the door on his ankles. The Valley Communications computer aided dispatch report sets forth a timeline of events:

| | |
|---|---|
| 21:14:05 | 911 call received regarding incident. Caller indicates a trooper was across the street with subject on the ground. |
| 21:14:46 | Trooper requests backup. |
| 21:14:53 | Three Tukwila police officers told by dispatcher to report to the scene. |
| 21:16:07 | Trooper indicates subject placed in the back seat of patrol car. |
| 21:16:36 | First Tukwila police officer arrives. |
| 21:17:56 | Second Tukwila police officer arrives. |
| 21:27:41 | Third Tukwila police officer arrives. |
| 21:30:56 | WSP Trooper requests medical aid. |
| 21:34:35 | Tukwila paramedics arrive at the scene. |

Ragonesi Decl. at 35-36. The paramedics report indicates they assisted Mr. White at 21:35, and that Mr. White complained of ankle and shoulder pain. Nichols Decl. at 3-4. The report also notes an abrasion above Mr. White's right eye. Id. Mr. White allegedly stated the he did not think anything was broken, and that he could walk and move. Id.

## III. ANALYSIS

In examining the Tukwila Defendants' motion, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. Addisu

ORDER – 2

v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The opposing party must present significant and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). Where a question presented is purely legal, summary judgment is appropriate without deference to the non-moving party.

In cases like this one, where the non-moving party fails to oppose a summary judgment motion, the court must still apply the above standards consistent with Fed. R. Civ. P. 56. Henry v. Gill Indus., Inc., 983 F.2d 943, 949-50 (9th Cir. 1993) (holding that court may not grant summary judgment merely because motion is unopposed, even where local rules are to the contrary). The court must determine if the moving party's papers are sufficient to demonstrate that there is no genuine issue of material fact and judgment is appropriate as a matter of law. See id. at 950.

The Tukwila Defendants allege that they are entitled to summary judgment because a state official is generally under no constitutional duty to protect members of the public from harm from third parties. See, e.g., Ting v. United States, 927 F.2d 1504 (9th Cir. 1991) (holding that summary judgment was proper where non-shooting agents' failure to intervene was not the cause in fact of plaintiff's injuries). In this case, there is no evidence that the Tukwila Defendants were in a position to assist Mr. White. In fact, the uncontested evidence shows that the Tukwila Defendants arrived on the scene *after*

ORDER – 3

Mr. White was placed in the back of the police car, and *after* the alleged improper use of force by Trooper Witt. Nothing supports Mr. White's 42 U.S.C. § 1983 claims for false arrest and excessive force against the Tukwila Defendants, who arrived *after* the events took place. There similarly is no support for Mr. White's state law claims against the Tukwila Defendants. The Tukwila Defendants cannot have stopped conduct that occurred before they arrived, nor could their arrival effect a "ratification" of Trooper Witt's allegedly bad conduct. Mr. White also failed to comply with the claim filing requirements of RCW 4.96, which bars any state law claim he might have against the Tukwila Defendants. See Woods v. Bailet, 67 P.3d 511, 516 (Wash. Ct. App. 2003).

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS the Tukwila Defendants' motion for summary judgment (Dkt. # 54). Mr. White's claims against the Washington State Patrol Defendants remain.

Dated this 15th day of August, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 4