UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSE WHITE,

        Plaintiff,

    v.

K.C. WITT, et al.,

        Defendants.

CASE NO. C05-695JLR

ORDER

## I.  INTRODUCTION

This matter comes before the court on a motion for attorneys' fees and costs from Defendants City of Tukwila Does 1-100 ("the Tukwila Defendants") (Dkt. # 71). The court has considered the papers filed in support of and in opposition to the motion. For the reasons stated below, the court GRANTS in part and DENIES in part the Tukwila Defendants' motion

## II.  BACKGROUND & ANALYSIS

This action stems from a state patrol officer's arrest of Plaintiff Jesse White for obstruction. The Tukwila Defendants are paramedics. The court previously granted the Tukwila Defendants' unopposed motion for summary judgment on undisputed evidence that

ORDER - 1

the paramedics were not present when the alleged constitutional violations took place (e.g., unlawful arrest, excessive force). See Dkt. # 64. The Tukwila Defendants now move for attorneys' fees and costs in the amount of $17,945.32 pursuant to 42 U.S.C. § 1988[1] ("section 1988") as the prevailing party in a civil rights action. Although they focus primarily on section 1988, the Tukwila Defendants also move for sanctions against Mr. White's attorney, Lawrence Hildes, pursuant to 28 U.S.C. § 1927 ("section 1927") as an independent basis for recovering their fees and costs.

**A.    Attorneys' Fees and Costs Under Section 1988**

The court has discretion to award attorneys' fees and costs to the prevailing party under section 1988 if it finds that the plaintiff's claims are "frivolous, unreasonable, and without foundation." Miller v. Los Angeles County Board of Ed., 827 F.2d 617, 619 (9th Cir. 1987) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). The standard is "strict" and "premised on the need to avoid undercutting Congress' policy of promoting vigorous prosecution of civil rights violations." Id. To that end, the Ninth Circuit has cautioned that, only in "exceptional circumstances," should lower courts award attorneys' fees to defendants in such cases. Saman v. Robbins, 173 F.3d 1150, 1157 (9th Cir. 1999) (quoting Barry v. Fowler, 902 F.2d 770, 773 (9th Cir. 1990)).

Although the court finds that Mr. White's claims against the Tukwila Defendants lacked merit, which the court discusses below, the court declines to award fees and costs under section 1988 given Mr. White's financial status. See Miller, 827 F.2d at 621 ("[T]he award should not subject the plaintiff to financial ruin."). Typically, an opposition brief would provide a basis for limiting such an award. Id. at 621 n. 5 (citing Durrett v. Jenkins

---

[1] The relevant provision provides: "[i]n any action or proceeding to enforce [sections §§ 1981, 1983] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b).

ORDER - 2

Brickyard, Inc., 678 F.2d 911, 917-19 (11th Cir. 1982) (holding that demonstrated indigency may justify a limitation on the court's award). Regrettably, the long-overdue opposition brief never mentions Mr. White's ability to pay. Nevertheless, the court draws upon prior submissions that describe Mr. White's destitute living situation. See Dkt. # 43, Ex. 1-6 at 10; Dkt. # 46. It appears that, as of a few months ago, Mr. White was living out of his car in New York. Id. The court therefore strongly suspects that Mr. White will not be able to pay any of the Tukwila Defendants' request. See Miller, 827 F.2d at 621. Moreover, it is not entirely clear that Mr. Hildes has maintained contact with his client to put him on notice of the nature of the Tukwila Defendants' motion. See Dkt. # 75 (noting that counsel had lost contact with "a key witness"). Under the circumstances, the court declines to award attorneys' fees and costs that run against Mr. White. The court now turns to the Tukwila Defendants' motion for sanctions against Mr. Hildes under section 1927.

**B.    Sanctions Under Section 1927**

Section 1927 provides, in relevant part:

> "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

28 U.S.C. § 1927. The provision authorizes sanctions upon a finding of subjective bad faith. New Alaska Dev'p Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purposes of harassing an opponent." Estate of Blas v. Winkler, 792 F.2d 858, 860 (9th Cir. 1986) (citations omitted). Failure to act may also provide a basis for sanctions. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1528 (9th Cir. 1990) (affirming sanctions where counsel failed to provide any evidence of discriminatory

ORDER - 3

intent, failed to answer interrogatories, failed to respond to a document demand, and failed to drop the case after improperly serving a defendant).

The Tukwila Defendants' motion for fees and costs became ripe for the court's ruling on September 22, 2006. Although the motion exposes his client to a potentially devastating debt of $17,945.32, Mr. Hildes failed to file a timely opposition brief or request oral argument. The court nevertheless scheduled a hearing in order to ensure that Mr. White and his counsel, Mr. Hildes, would have an opportunity to be heard. The court set oral argument for Monday, November 6, 2006 in order to accommodate Mr. Hildes' schedule, which kept him away from his office for the month of October, until November 2, 2006.[2] In addition to alerting counsel through the court's electronic filing system ("ECF"), the court's deputy clerk telephoned Mr. Hildes' office and left a voicemail about the hearing.

Based on Mr. Hildes' prior conduct, detailed below, the court had concerns that Mr. Hildes would not check the docket, his email, or his voicemail while away – or, for that matter, upon his return. Indeed, when the court's deputy clerk made a second courtesy call to Mr. Hildes' office on the morning of Friday, November 3, 2006, Mr. Hildes' legal assistant stated that she had no idea that the court expected Mr. Hildes in court the following Monday and that, in any event, he was unavailable that day. Mr. Hildes telephoned the court to confirm that he had another court appearance scheduled for the same time. When the court cancelled oral argument, Mr. Hildes left a voicemail with the court's law clerk explaining that he never had the opportunity to file an opposition brief to the attorneys' fees and costs motion

---

[2] The court notes that Mr. Hildes began his extended leave of absence (including vacation days) just two months before trial and within the summary judgment phase of litigation. Not surprisingly, Mr. Hildes failed to meet the briefing schedule on a separate summary judgment motion from the other named Defendants. Although the court expects attorneys to take time away from work, it is well below the standard of practice to simply leave town without taking appropriate steps to protect a client's interests.

ORDER - 4

because he was out of town. The court takes serious exception to Mr. Hildes' excuse for failing to file an opposition. The local rules set the due date for his response on or before September 18, 2006. Mr. Hildes noted his dates of unavailability beginning on October 4, 2006 (Dkt. # 77). Thus, according to his own submission, he was not out of town when the response was due; he simply failed to file any opposition papers, request a continuance, or seek any other form of relief. Mr. Hildes eventually filed an opposition brief on November 7, 2006 – some seven weeks past due. The court reviewed his submission, but did not reschedule oral argument.[3]

Mr. Hildes recent submission is not the first time he has failed to file a timely opposition brief at a critical stage in the proceedings. Most significant, Mr. Hildes failed to submit any response to the Tukwila Defendants' summary judgment motion. His failure to do so is perhaps the strongest indication that he knew Mr. White's claims against the Tukwila Defendants lacked merit. See Edwards v. Gen. Motors Corp., 153 F.3d 242, 246-47 (5th Cir. 1998) (finding "most compelling" in considering sanctions, the fact that the attorney never responded to a summary judgment motion). In its ruling, the court noted the undisputed evidence that, because the paramedics arrived on the scene after the incident in question, the Tukwila Defendants did not cause[4] the harm alleged. See Dkt. # 64 at 3-4. The court must conclude that, in failing to oppose the motion, Mr. Hildes knew that his client's claims lacked any factual basis or legal merit, but pursued them nonetheless. Although bad faith typically

---

[3] When the court gave Mr. Hildes a second chance to oppose the motion by scheduling oral argument, he neglected to pay attention to court correspondence, even upon his *return* to the office. The court strongly suspects that, had the deputy clerk not called Mr. Hildes, the Tukwila Defendants would have incurred yet another unnecessary expense in coming to court only to have oral argument cancelled.

[4] Although liability does not require direct personal participation, it is axiomatic that section 1983 requires a claimant to prove a causal connection between a state actor's conduct and the constitutional injury.

ORDER - 5

1  comes in the form of an affirmative act; in this instance, Mr. Hildes' *inaction* forced the

2  Tukwila Defendants to continue to defend claims that lacked merit. See West Coast Theater,

3  897 F.2d at 1528.  Notably, Mr. Hildes also failed to oppose a summary judgment motion

4  from the other named Defendants in this case.  Although this latter motion is not relevant to

5  the Tukwila Defendants' expenditures, it highlights Mr. Hildes standard of practice over the

6  course of this lawsuit.

7  Mr. Hildes' conduct during discovery further indicates that he knowingly or recklessly

8  multiplied the proceedings.  Indeed, the court previously cautioned Mr. Hildes about his

9  conduct after he failed to make his client available for a deposition. See Dkt. # 57.  Rather

10 than notify opposing counsel, Mr. Hildes filed a protective order on the morning of the

11 scheduled deposition, requesting the court to order the Tukwila Defendants' to pay Mr.

12 White's expenses in traveling to the deposition.  The court denied the protective order (Dkt. #

13 57) and expressed its dismay over Mr. Hildes conduct, which caused the Tukwila Defendants

14 to lose both time and money in traveling to the deposition site and paying for a court reporter.

15 According to the Tukwila Defendants, despite the court's warning, Mr. Hildes' other

16 discovery-related conduct continued unmitigated.  Ragonesi Decl. ¶ 6 (stating that Mr. Hildes

17 never responded to court-ordered discovery requests).

18 Against this backdrop, the court finds that Mr. Hildes has unreasonably and

19 vexatiously multiplied the proceedings.  He has shown a reckless disregard for the duty he

20 owes to his client, opposing counsel, and to this court.  The court finds that, at a minimum,

21 Mr. Hildes' conduct has increased the expenditures that the Tukwila Defendants have

22 incurred by at least 25%.  As a sanction, the court directs Mr. Hildes to pay the Tukwila

23 Defendants' reasonable attorneys' fees and costs in the amount of $4,486.33.

24

25

26 ORDER - 6

### III. CONCLUSION

The court DENIES in part and GRANTS in part the Tukwila Defendants' motion (Dkt. # 71) and orders Mr. Hildes to reimburse the Tukwila Defendants' in the amount of $4,486.33. The court directs the clerk to send a copy of this order by certified mail to counsel for the Tukwila Defendants at the addresses listed on the docket.

Dated this 16th day of November, 2006.

JAMES L. ROBART
United States District Judge

ORDER - 7